**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GABRIEL MARTINEZ,

                Plaintiff,

    v.

BRIAN PHELPS,

                Defendant.

Case No. 1:19-cv-00011-DAD-EPG

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM**

(ECF No. 1)

**TWENTY-ONE (21) DAY DEADLINE**

       Gabriel Martinez ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, commenced this action on January 3, 2019, by filing a Complaint against Brian Phelps ("Defendant"). (ECF No. 1.) Plaintiff alleges that Defendant, a police officer with the Fresno Police Department, assaulted, battered, and falsely imprisoned him. *Id.*

       On February 5, 2019, the Court screened the Complaint, and, finding that Plaintiff failed to state a cognizable claim, directed Plaintiff to file an amended complaint or notify the Court that he wishes to stand on the Complaint. (ECF No. 9.) On March 8, 2019, Plaintiff filed eight "Notices," none of which is an amended complaint. The Court, therefore, construes the filings as a notice that Plaintiff wishes to stand on the Complaint.

       For the reasons described in the Court's February 5, 2019 Order, and as set forth below, the Court recommends dismissing this action for failure to state a cognizable claim.

# I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint brought *in forma pauperis* to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

# II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on December 20, 2017, he was traveling in his property when

Defendant Phelps stopped him. Plaintiff asked Defendant if there was an emergency. Defendant

responded by requesting to see Plaintiff's driver's license. Plaintiff said he was not driving, but

was traveling in his property. Defendant wrote Plaintiff a ticket for not producing his driver's

license.

Defendant then called his superior, Ritchie B. O'Dell ("O'Dell"). O'Dell, while

brandishing his firearm, demanded that Plaintiff get out of Plaintiff's property. Plaintiff was

fearful, and called Fresno Police Department. O'Dell, while still brandishing his firearm,

threatened to arrest Plaintiff if he did not sign the traffic ticket. Plaintiff told O'Dell to put the

traffic ticket through the window. O'Dell responded that he would break the window, and

attempted to pull the window. Defendant also brandished his firearm and made several attempts

to break the window. O'Dell successfully broke the window.

Defendant and O'Dell arrested and searched Plaintiff. They did not have a warrant, and

Plaintiff objected by stating that they were in violation of his due process rights under the

Constitution. Defendant did not tell Plaintiff why he was being stopped or arrested, and

Defendant did not advise Plaintiff of his rights. Defendant also had Plaintiff's property towed and

impounded.

Defendant brought Plaintiff to the Fresno County Jail, where Defendant knew Plaintiff

would be booked, fingerprinted, photographed, imprisoned for an indefinite amount of time, and

possibly subjected to other types of assault and battery. Defendant made no attempt to bring

Plaintiff before a magistrate or judge.

Plaintiff attaches to his Complaint a copy of a field report that he received a few months

after his arrest. The field report states that Defendant was working in full uniform when he

noticed a black GMC with a paper plate that read, "Certified Used Vehicles" attached to a plate

underneath. Plaintiff was operating the vehicle. After an investigation, Defendant issued a citation

to Plaintiff for failing to present a valid license or proof of insurance. Plaintiff refused to sign the

citation and refused to roll down the car window or open the car door.  Defendant and O'Dell

broke the car window, opened the car door, and arrested Plaintiff for delaying and obstructing an

officer in the line of duty.

3

1    **III.    DISCUSSION**

2        **A.    Subject Matter Jurisdiction**

3        It appears that this court does not have subject matter jurisdiction to adjudicate this matter.

4    Federal courts can adjudicate only those cases which the United States Constitution and Congress

5    authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

6    (1994).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district

7    courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28

8    U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005); s*ee* 28

9    U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under

10   the Constitution, laws or treaties of the United States"); 28 U.S.C. § 1332(a)(1) (providing that

11   district courts have original jurisdiction of civil actions between citizens of different States).

12       Here, Plaintiff only asserts state law causes of action—false imprisonment, assault, and

13   battery—that do not arise under the Constitution, laws, or treaties of the United States, and the

14   parties do not appear to be citizens of different States. Therefore, it appears the Court does not

15   have subject matter jurisdiction of this action.

16       **B.    Due Process Under the Fourteenth Amendment**

17       "The Fourteenth Amendment protects individuals against the deprivation of liberty or

18   property by the government without due process." *Portman v. County of Santa Clara*, 995 F.2d

19   898, 904 (9th Cir.1993). The Due Process Clause confers both procedural and substantive rights.

20   *Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir.1996) (en banc).

21       "[P]rocedural due process claims do not 'deal with the substance of the challenged

22   decisions, but with the process by which they were reached.'" *Stamas v. Cnty. of Madera*, 795

23   F.Supp.2d 1047, 1077 (E.D. Cal. 2011) (quoting *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260

24   (9th Cir. 1994)). Furthermore, "[t]he due process clause does not prohibit every deprivation by

25   the state of an individual's property. Only those deprivations carried out without due process are

26   actionable . . . ." *Halverson*, 42 F.3d at 1260. To assert a procedural due process claim, a plaintiff

27   must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of

28   that interest by the government; and (3) lack of due process of law with regard to that deprivation.

1  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir.2000).

2        Procedural due process requires, at a minimum, notice and an opportunity to be heard.

3  *Goss v. Lopez*, 419 U.S. 565, 579 (1975). However, a due process claim is not cognizable when

4  the deprivation concerns property and the state provides adequate post-deprivation remedies to

5  protect a plaintiff's procedural due process rights. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)

6  (holding that deprivations of property do not violate the Due Process Clause of the Fourteenth

7  Amendment if a meaningful post-deprivation remedy for the loss is available because "the state's

8  action is not complete until and unless it provides or refuses to provide a suitable post-deprivation

9  remedy").

10        Substantive due process refers to certain actions that the government may not engage in,

11  no matter how many procedural safeguards it employs. *See County of Sacramento v. Lewis*, 523

12  U.S. 833, 847 (1998); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.1988). "The

13  protections of substantive due process have for the most part been accorded to matters relating to

14  marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266,

15  272 (1994). There is no recognized substantive right under the Due Process Clause of the

16  Fourteenth Amendment to be free from criminal prosecution except upon probable cause. *Id.*

17  Furthermore, "[w]here a particular Amendment 'provides an explicit textual source of

18  constitutional protection' against a particular sort of government behavior, 'that Amendment, not

19  the more generalized notion of substantive due process, must be the guide for analyzing these

20  claims.'" *Id.* at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Thus, the

21  constitutionality of an arrest may be challenged only under the Fourth Amendment. *Id.* at 274

22  ("The Framers [of the Bill of Rights] considered the matter of pretrial deprivations of liberty and

23  drafted the Fourth Amendment to address it.).

24        Plaintiff alleges that his car was damaged and impounded by Defendant during a traffic

25  stop. Plaintiff does not allege that the state or municipality failed to provide him adequate post-

26  deprivation remedies. Plaintiff also does not identify a recognized substantive right under the Due

27  Process Clause. Accordingly, Plaintiff fails to allege a violation of the Fourteenth Amendment.

28  \\\

5

## C.      Search and Seizure Under the Fourth Amendment

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "[I]ts protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Willis*, 431 F.3d 709, 714 (9th Cir. 2005) As the Supreme Court explained in *Whren v. United States*:

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. *See Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979); *United States v. Martinez–Fuerte*, 428 U.S. 543, 556, 96 S.Ct. 3074, 3082, 49 L.Ed.2d 1116 (1976); *United States v. Brignoni–Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *See Prouse*, supra, at 659, 99 S.Ct., at 1399; *Pennsylvania v. Mimms*, 434 U.S. 106, 109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977) (per curiam).

517 U.S. 806, 809–10 (1996).

"[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977). The officer may also conduct "ordinary inquiries incident to [the traffic] stop." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). "Typically, such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015) (internal citation omitted).

An arrest during a traffic stop without a warrant violates the Fourth Amendment if the arrest is not supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003);

6

1  *Torres v. City of Los Angeles*, 548 F.3d 1197, 1207 (9th Cir. 2008); *Blankenhorn v. City of*

2  *Orange*, 485 F.3d 463, 470–71 (9th Cir. 2007). Probable cause exists when "under the totality of

3  circumstances known to the arresting officers, a prudent person would have concluded that there

4  was a fair probability that [the suspect] had committed a crime." *United States v. Smith*, 790 F.2d

5  789, 792 (9th Cir. 1986). An officer may arrest a suspect for a "very minor criminal offense"

6  when the officer has probable cause to believe the offense was committed in the officer's

7  presence. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Tatum v. City & County of San*

8  *Francisco*, 441 F.3d 1090, 1094–95 (9th Cir. 2006).

9       Pursuant to Cal. Penal Code § 148(a), "Every person who willfully resists, delays, or

10  obstructs any public officer . . . in the discharge or attempt to discharge any duty of his or her

11  office or employment, when no other punishment is prescribed, shall be punished by a fine not

12  exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one

13  year, or by both that fine and imprisonment." An individual's resistance during a traffic stop may

14  provide probable cause to arrest him for violation of Cal. Penal Code § 148(a). *See Field v. Cty.*

15  *of Orange*, No. SACV06595PSGANX, 2008 WL 11422660, at *2 (C.D. Cal. Apr. 30, 2008),

16  *aff'd*, 349 F. App'x 222 (9th Cir. 2009).

17       Plaintiff alleges that he was arrested without a warrant and stopped without probable

18  cause. Plaintiff also attaches to his Complaint a copy of a field report that he received a few

19  months after his arrest. The report states that Plaintiff was stopped by Defendant, a uniformed

20  officer, when Defendant noticed that Plaintiff's vehicle had a paper plate that read, "Certified

21  Used Vehicles" attached to a plate underneath. Plaintiff further alleges that he was arrested after

22  refusing to get out of his vehicle and refusing to sign a traffic ticket.

23       Plaintiff fails to allege a cognizable claim under the Fourth Amendment. As alleged in the

24  Complaint, Defendant lawfully detained Plaintiff for a traffic violation and ordered that Plaintiff

25  get out of the vehicle. Defendant then conducted ordinary inquiries incident to the traffic stop.

26  Defendant arrested Plaintiff for willfully delaying or obstructing a public officer after Plaintiff

27  refused to get out of his vehicle and refused to sign a traffic ticket. Defendant's actions, as alleged

28  in the Complaint, comported with the Fourth Amendment. Accordingly, Plaintiff fails to allege a

cognizable claim under the Fourth Amendment.

### D. Excessive Force Under the Fourth Amendment

A claim of excessive force while making an arrest is properly analyzed under the Fourth Amendment. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham v. Connor*, 490 U.S. 386 (1989). "Under the Supreme Court's leading case, *Graham v. Connor*, determining whether the use of force to effect a seizure was unreasonable under the Fourth Amendment—and therefore unlawful—requires 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946–47 (9th Cir. 2017) (citing *Graham*, 490 U.S. at 397). To state a claim of excessive force, a plaintiff must allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397. In determining whether an officer's conduct is objectively unreasonable, the Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). In evaluating reasonableness, the court considers factors including "(a) the severity of the suspect's alleged crime; (b) whether the suspect posed an immediate threat to the officers' safety; (c) whether the suspect was actively resisting arrest or attempting to escape." *Graham*, 490 U.S. at 396.

Plaintiff does not allege that Defendant used any force against him or that Defendant caused him any bodily injury. Plaintiff alleges only that he was fearful when Defendant brandished a firearm and that Defendant brought him to Fresno County Jail. These allegations fail to state a cognizable claim for excessive force under the Fourth Amendment.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that the Complaint fails to state a cognizable claim upon which relief may be granted. The Court does not recommend granting further leave to amend.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with

8

1  prejudice, based on Plaintiff's failure to state a claim on which relief may be granted; and

2       2.     The Clerk of Court be directed to close this case.

3      These findings and recommendations are submitted to the district judge assigned to the

4  case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being

5  served with these findings and recommendations, Plaintiff may file written objections with the

6  court.  Such a document should be captioned, "Objections to Magistrate Judge's Findings and

7  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

8  may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

9  2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10

11  IT IS SO ORDERED.

12     Dated: __**March 18, 2019**__           /s/ _Erica P. Grosjean_

13                            UNITED STATES MAGISTRATE JUDGE